UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Judy A. Juracek,<br><br>        Plaintiff<br><br>v.<br><br>Capcom CO., LTD. and Capcom USA, Inc.,<br><br>        Defendants | Civil Action No. 3:21-cv-00775<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Judy A. Juracek (hereinafter "Plaintiff" or "Juracek") brings forth this action against Capcom CO., LTD. and Capcom USA, Inc (hereinafter collectively "Capcom" or "Defendants") and complains and alleges as follows:

## INTRODUCTION

1. This is an action for federal copyright infringement under 17. U.S.C. § 101 *et seq*, and removal of copyright management information.

## PARTIES

2. Plaintiff Juracek is an individual with an address at 55 Turkey Plain Rd, Bethel CT 06801.

3. Upon information and belief, Defendant, CAPCOM CO., LTD. is a Corporation organized in Japan with an address of 3-1-3 Uchihiranomachi, Chuo-ku Osaka JAPAN 540-0037.

4. Upon information and belief, Defendant, Capcom U.S.A., Inc. is a California corporation having an address at 185 Berry Street, Suite 1200, San Francisco, CA 94107.

5. Capcom, and/or its agents or affiliated companies sell the game and series of games referred to as RESIDENT EVIL throughout the United States and the World, including sales in Connecticut.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1338 over the copyright claims because the action alleges *inter alia* violations of federal statutes.

7. Venue is proper in this judicial district under 28 U.S.C. § § 1391, 1400(a) because a substantial part of the events giving rise to the claims raised in the lawsuit occurred in this judicial district, and because Defendants conduct business in this district and Defendant's actions have injured Juracek, a Connecticut resident.

8. Upon information and belief, this Court has jurisdiction over Defendants because Defendants committed acts of copyright infringement in this district and have distributed copies of various infringing works that wrongfully utilize Juracek's photographs as described further herein, causing injury to Plaintiff in this state and district.

9. Defendants sell and market products in Connecticut which include Plaintiff's copyrighted material. Furthermore and upon information and belief, Defendant knew or had reason to believe that Plaintiff was located in Connecticut and that harm would be felt in Connecticut as a result of Defendant's actions.

10. Defendants have purposely availed themselves to this state and this district at least because they have promoted and sold their infringing products to consumers in this state and district.

**FACTUAL BACKGROUND**

11. Plaintiff has been a professional scenic artist, scene designer and photographer for much of her career, working on numerous well known film and TV productions.

12. As part of Plaintiff's work, she traveled around the world photographing various and unique decorative surfaces and features as part of her research related to set design which photographs are distinctive and exclusive to Plaintiff. These photos are extremely useful to designers and architects looking to create distinctive and memorable scenery and decorative features.

13. As a result of Plaintiff's work over the years, she grouped together various examples of unique and interesting surfaces, textures and features into a book and CD-Rom ("CD-ROM") which represented Plaintiff's extensive personal research work into decorative surfaces and textures.

14. More specifically, plaintiff is the author and photographer of the photography book called "SURFACES" which was published by the W.W. Norton Company and includes a copyright notice "© 1996 by Judy A Juracek All rights reserved" immediately next to the table of contents page. The ISBN is 0-393-73007-7 (the "book"). The book starts off "This collection of photographs began as my private file of photo research…."

15. Juracek is the owner of U.S. Copyright Registration Nos. TX4-442-862 which claims "text, photographs, and compilation in book; compilation on CD-ROM" as found in the book.

16. This book also included a CD-ROM which provided digital copies of the photos ("photographs") and suggested that the photos could be useful for various purposes and invited

interested persons to contact Juracek if licenses were desired. The CD-ROM also contains a copyright notice "© 1996 by Judy A Juracek All rights reserved".

17. As a result of the book and photographs and CD-ROM, Juracek licensed copies of various photographs to many different parties who sought to use the photos commercially and the book became a very popular way for architects and designers to obtain exclusive high quality examples of unique decorative surfaces and features. The parties were required to contact Juracek to obtain high resolution digital files as the CD-ROM files were not high resolution. For the sake of clarity, anyone seeking a license for the photographs from the book or CD-ROM were required to contact Plaintiff to obtain the photos in a high resolution digital file suitable for commercial use as all rights were reserved as set forth in the copyright notice.

18. At all times, Juracek retained and continues to retain full ownership of book and photographs.

19. The CD-ROM also included a copyright notice on the front of the CD-ROM.

20. Juracek never sold or licensed the photographs to Defendants.

21. In the book, and the CD-ROM, the photographs are numbered. For example "G-79 shattered safety glass" in the book refers to a photo of shattered safety glass which Juracek obtained in Italy.

22. The CD-ROM includes a file called "G079" which is the same photo and a copy of that photo is found below.



23.     This "G079" is but one example of the many highly unique photographs in Juracek's book and CD-ROM, more specifically, the photo was taken in Italy of a unique looking glass shatter pattern that upon information and belief would not be duplicated by any other shattering of glass in that the probability of an object hitting the same thickness and configuration of glass identically at any other location is impossible or exceptionally remote.

24.     Capcom's primary logo for RESIDENT EVIL including the game, and related merchandise uses this "G079" photo to create the logo.

25. The below commented analysis shows that Capcom has directly copied "G079"



26. The below commented analysis shows that Capcom has directly copied #____ which photos were taken in a mansion located in Newport, Rhode Island. The public does not have access or permission to photograph the inside of the mansion. It is not possible for Capcom to have had access to the mansion to photograph such images.

Photo from the mansion:



27. These are but two examples of infringement in which the unique nature of the photo(s) and Defendant's reproduction makes it almost impossible for Defendant to have created or obtained the design from another source.

28. Various versions of Capcom's RESIDENT EVIL game and merchandise have used approximately 80 or more of Juracek's photographs which appeared over 200 times in Defendants' RESIDENT EVIL games. Comparisons showing Plaintiff's photos used by Defendants are found at Exhibit A.

29. Given the wide amount of copying of unique photographs not available elsewhere, it is apparent that Defendant had access to the book or CD-ROM, or both.

30. Specifically, Capcom was subject to a security breach/hacking in 2020 which is believed to have occurred approximately in November 2020.

31. Some Capcom data released by the hackers included high resolution images of artwork used in Resident Evil and other games.

32. The file names for at least one of the images from the Capcom hacked files are the same file names as those used on the CD-ROM.

33. For example, the file name for a metal texture image from the CD-ROM is "ME009" and Capcom has ME009 stored in its files under that name and Capcom used this photograph in its game(s).

34. ME009 is copied below:



35. A photo with the ME009 name is in Capcom's files and was used in one or more of Capcom's games, including RESIDENT EVIL. Furthermore, additional galleries that Capcom used in America and Japan are paid for, which demonstrates that Capcom paid for other images aside from Plaintiff's book. In the Facebook advertising, it is mentioned that that 3,500 textures have been repainted.

36. Furthermore, given that approximately 80 or more Juracek images appear in RESIDENT EVIL and that the primary brand/logo of RESIDENT EVIL employs a specific shattered glass pattern that matches a Juracek photo taken in Italy, as well as the interior mansion door design that the public does not have access to, it is hard to imagine that precise duplication would be possible by independent creation.  More specifically, it is hard to imagine that Juracek would take a photo of shattered glass in Italy and interior mansion door design and that Capcom artists would reproduce the exact same pattern of shattered glass in a logo and interior door design without benefit of Juracek's photographs.

37. Capcom's activities show a pattern of misconduct.  A Dutch filmmaker is suing Capcom for copying the filmmaker's monster designs and using the designs in the Resident Evil game, see   https://www.thegamer.com/resident-evil-village-dutch-filmmaker-report/.

38. Accordingly, Capcom did not independently create the shatter pattern which is part of its logo described above in Paragraph 25.

39. Capcom created all of the identified game scenes in Exhibit A using Juracek's photographs without permission.

40. Juracek did not discover the copying until more recently in large part due to Capcom's separation of Juracek's name and copyright notice from her images.  Once Juracek noticed the infringement, she quickly gathered examples of copying and provided those to Capcom in the form of a copyright infringement notice letter.

41. Capcom has not ceased use or altered their conduct despite clear and specific identification of numerous infringements.

42. Upon information and belief, Capcom is involved in a virtual reality project with Facebook that includes making games available through a Facebook platform, which games include or will include Juracek's copyrighted works.

43. Capcom also separated the copyright notice on the front of the CD-ROM from the images when Capcom stored the files from the CD-ROM, thus intentionally separating/removing the copyright management information from the images, making it significantly more difficult for Juracek to discover the infringing conduct.  The book included a copyright notice which was also separated from the photographs Capcom used.

## COUNT I
## Copyright Infringement – 17 U.S.C. § 101 *et seq*

44. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint and incorporates them herein by reference.

45. The book, photographs and CD-ROM were created and/or authored Plaintiff and Plaintiff remains the owner of the same.

46. Defendants have copied approximately 80 or more of the photographs and used them over 200 times in the games.

47. Plaintiff's copyright includes a claim to the photographs.

48. Defendants are infringing the copyrights of Plaintiff website by unlawfully reproducing, preparing derivative works, and publicly displaying and selling copies of identical or substantially similar content in games, and merchandise in violation of the U.S. Copyright Act.  At no time has Plaintiff authorized Defendants to engage in such conduct.

49. Plaintiff is entitled to actual damages and disgorgement of profits/lost profits or at its election, statutory damages, including an award for each photo infringed, i.e. a statutory award of up to $150,000 x 80 photographs (i.e. up to $12,000,000 USD) plus attorney fees and

costs or alternately actual damages and disgorgement of profits plus attorney fees and costs.

50. The full extent of Capcom's infringement is not known and Juracek believes there may be other photos not identified in Exhibit A that Capcom has used without license.

## COUNT II
### False Copyright Management Information and Removal of Copyright Management Information

51. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint and incorporates them herein by reference.

52. Capcom has intentionally separated Juracek's copyright notice from the photos used.

53. Capcom has claimed a copyright in the various Capcom games that use Juracek's photographs, thus falsely claiming complete copyright ownership to the Capcom games when those games use Juracek's copyrighted photographs.

54. Capcom has intentionally separated the Copyright notices on the Juracek book and CD-ROM from the photographs, thus removing the Copyright management information from the photographs and has distributed games and merchandise including photos with removed copyright management information.  Further, Capcom has claimed the Copyright is owned by Capcom without any reference to Juracek's copyright.

55. The foregoing was without authority of the Juracek or the law.

56. Juracek is entitled to actual damages and any profits of Capcom or statutory damages of between $2,500 and $25,000 per photograph (there are approximately 80 known to Juracek at this time).

57. Juracek is entitled to costs and attorney fees and an injunction to stop the irreparable harm to Juracek's exclusive rights.

58. Juracek is entitled to an order ordering the destruction of all devices or products involved in the removal and/or falsification of Copyright management information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. An order immediately and permanently enjoining Defendants, its officers, members, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from utilizing any of Plaintiff's copyrights in any way.

B. Direct Defendants to destroy each and every copy of all games, products and other content including Plaintiff's photographs.

C. That Defendant be ordered to pay to Plaintiff damages sustained as a result of the activities complained of herein, including actual damages, profits, exemplary damages and if elected, statutory damages.

D. That Defendant be ordered to pay increased damages due to its willful infringement.

E. That Defendant be ordered to pay Plaintiff's reasonable attorneys' fees and costs incurred in this action.

F. That Plaintiff be awarded such other and further relief as may be contemplated by statute law and/or equity and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: Stamford, Connecticut  ST. ONGE STEWARD JOHNSTON & REENS LLC
June 4, 2021

/s/Jonathan A. Winter/
Gene S. Winter, Esq.
Jonathan A. Winter, Esq.
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: gwinter@ssjr.com
jwinter@ssjr.com
litigation@ssjr.com

*Attorneys for Plaintiff Judy A. Juracek*