## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Judy A. Juracek, | Civil Action No. 3:21-cv-00775-MPS |
| Plaintiff, | |
| v. | September 20, 2021 |
| Capcom CO., LTD. and Capcom USA, Inc., | |
| Defendants. | |

### DEFENDANTS CAPCOM CO. LTD. AND CAPCOM USA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Oral Argument Requested

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................ 1

RELEVANT FACTS .......................................................................................... 1

ARGUMENT ...................................................................................................... 4

I.   JURACEK FAILS TO STATE A CLAIM ................................................ 4

    A.   Plaintiff's Copyright Infringement Claim Fails Because She Lacks a Plausible Allegation of Wrongful Copying ........................................ 4

        i.   No Plausible Allegation of Copying the Rendition .................. 6

        ii.   No Plausible Allegation of Originality in the Timing ............. 11

        iii.   No Plausible Allegation of Originality in the Creation of the Subjects .................................................................................. 11

    B.   Plaintiff's Damages Claims Are Also Subject to Dismissal ............... 12

        i.   Improper Claim for Damages Prior to June 4, 2018 ............... 12

        ii.   Improper Claim for Multiple Statutory Damages .................. 12

    C.   Plaintiff Lacks Plausible Allegations of False CMI and Removal of CMI .......... 14

    D.   The Complaint Must Be Dismissed Because It Is Vague and Incomprehensible ................................................................................ 15

II.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ...................................................................... 16

III.   CONCLUSION ......................................................................................... 18

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Grp., Inc.*,
    312 F. Supp. 2d 247 (D. Conn. 2004)...................................................................... 16

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) ................................................................................ 15

*Barcroft Media, Ltd. v. Fashion in Me Inc.*,
    No. 16cv7574 (LGS) (DF),
    2018 U.S. Dist. LEXIS 95354 (S.D.N.Y. June 5, 2018)......................................... 13

*Bill Diodato Photography, LLC v. Kate Spade, LLC*,
    388 F. Supp. 2d 382 (S.D.N.Y. 2005)..................................................................... 4

*Brown v. Netflix, Inc.*,
    No. 20-2007,
    2021 U.S. App. LEXIS 14673 (2d Cir. May 18, 2021) .......................................... 2

*Caratzas v. Time Life, Inc.*,
    92 Civ. 6346 (PKL),
    1992 U.S. Dist. LEXIS 16285 (S.D.N.Y. Oct. 22, 1992) ...................................... 6

*Embree v. Wyndham Worldwide Corp.*,
    779 F. App'x 658 (11th Cir. 2019) ......................................................................... 15

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
    756 F. Supp. 2d 1352 (N.D. Fla. 2010)................................................................... 14

*Fischer v. Forrest*,
    286 F. Supp. 3d 590 (S.D.N.Y. 2018)..................................................................... 14

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
    No. 13-00496 SOM/BMK,
    2014 U.S. Dist. LEXIS 157560 (D. Haw. Nov. 7, 2014) ....................................... 14

*Fulks v. Knowles-Carter*,
    207 F. Supp. 3d 274 (S.D.N.Y. 2016)............................................................. 5, 7, 12

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
    590 F. Supp. 2d 625 (S.D.N.Y. 2008)..................................................................... 2

*Halo Tech Holdings, Inc. v. Cooper*,
    No. 3:07-CV-489(AHN),
    2008 U.S. Dist. LEXIS 24831 (D. Conn. Mar. 26, 2008)....................................... 18

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)................................................................................................ 18

*Leonard v. GM L.L.C.*,
    504 F. Supp. 3d 73 (D. Conn. 2020)................................................................. 17

*Mannion v. Coors Brewing Co.*,
    377 F. Supp. 2d 444 (S.D.N.Y. 2005)............................................................. 6, 11

*Masterfile Corp. v. Country Cycling & Hiking Tours by Brooks, Inc.*,
    No. 06 Civ. 6363,
    2008 U.S. Dist. LEXIS 7666 (S.D.N.Y. Feb. 4, 2008)..................................... 13

*Matthews v. SBA, Inc.*,
    149 Conn. App. 513 (2014) ............................................................................... 17

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)............................................................................... 2, 5

*Philpot v. Music Times LLC*,
    No. 16cv1277 (DLC) (DF),
    2017 U.S. Dist. LEXIS 48454 (S.D.N.Y. Mar. 29, 2017) ................................ 13

*Schachter v. Sunrise Senior Living Mgmt.*,
    No. 3:18-cv-00953 (JAM),
    2020 U.S. Dist. LEXIS 44964 (D. Conn. Mar. 16, 2020)......................... 15, 16

*Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*,
    No. 03-4962,
    2004 U.S. Dist. LEXIS 23052 (E.D. Pa. Nov. 12, 2004).................................. 14

*Secunda v. Time Warner Cable of New York City*,
    No. 95 Civ. 0671,
    1995 U.S. Dist. LEXIS 16975 (S.D.N.Y. Nov. 14, 1995) ................................ 14

*Sohm v. Scholastic Inc.*,
    959 F.3d 39 (2d Cir. 2020) ............................................................................... 12

*Southridge Partners II, Ltd. P'ship v. SND Auto Grp., Inc.*,
    No. 3:17-CV-1925 (KAD),
    2019 U.S. Dist. LEXIS 218003 (D. Conn. Dec. 19, 2019) .............................. 17

*State St. Glob. Advisors Tr. Co. v. Visbal*,
    431 F. Supp. 3d 322 (S.D.N.Y. 2020)............................................................... 16

*Stokes Seeds, Ltd. v. Geo. W. Park Seed Co.*,
    783 F. Supp. 104 (W.D.N.Y. 1991) .................................................................. 13

*Swanigan v. Young*,
    No. 1:15-CV-1272,
    2016 U.S. Dist. LEXIS 165591 (N.D.N.Y. Nov. 30, 2016) ................................. 3

*United States Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*,
    916 F.3d 143 (2d Cir. 2019)............................................................................... 18

*Williams v. Foley*,
    No. 3:15-cv-1324 (MPS),
    2016 U.S. Dist. LEXIS 114413 (D. Conn. Aug. 25, 2016) ............................................... 18

*Zalewski v. Cicero Builder Dev. Inc.*,
    754 F.3d 95 (2d Cir. 2014) .......................................................................................... 4, 6

**STATUTES**

17 U.S.C. § 504 .................................................................................................................... 13

17 U.S.C. § 1202 .................................................................................................................. 14

Conn. Gen. Stat. § 33-929 .................................................................................................... 16

## INTRODUCTION

Plaintiff registered a copyright in a compilation of reference photographs of textured surfaces—surfaces that she did not create.  Her claims, however, only allege copying of those surfaces, rather than any copyrightable content she created herself.  Thus, her copyright infringement claims fail and must be dismissed.

Plaintiff's exorbitant damages claims should also be dismissed because they exceed anything she can legally recover.  Although Juracek claims actual damages without time limitation, she cannot recover damages before June 4, 2018 because a copyright plaintiff can only recover actual damages for the three-year period before suing.  Her claim for statutory damages for each allegedly infringed photo is equally defective because statutory damages are only available per work, and she alleges only one registered copyright for her compilation of photos.

The Complaint should also be dismissed because Plaintiff's claims improperly lump Capcom Co. Ltd. and Capcom USA, Inc. together in a conclusory fashion and treat these separate companies as a single entity without explanation, making it impossible to identify or differentiate the allegations against either Defendant.  For the same reason, the Complaint fails to establish personal jurisdiction over each Capcom defendant.  Juracek alleges that each Defendant is a foreign corporation, yet the Complaint provides only conclusory and ambiguous jurisdictional allegations that are legally insufficient to support the Court's exercise of personal jurisdiction.  For these reasons, the Complaint should be dismissed.

## RELEVANT FACTS

According to the Complaint, Plaintiff Judy Juracek took photographs of surfaces of various materials while traveling around the world.  Dkt. No. 1, ¶ 12.  Juracek compiled the photos into a "file of photo research" for her work as a designer, and later into a book titled *Surfaces: visual*

*research for artists, architects, and designers* ("*Surfaces*"), published in 1996.  *Id.*, ¶¶ 13–14; *see* Apple Decl., Ex. 1.[1]  Juracek compiled over 1,200 photos of surface textures in *Surfaces*, including photos of pieces of wood, stone, marble, brick, plaster, metal, tile, and glass.  Apple Decl., Ex. 1 at 5.  *Surfaces* is organized into sections corresponding to different types of material and each section shows "general views of the material," "commonly used or manufactured samples," and specimens in various architectural settings.  *Id.*, Ex. 1 at 5, 10–12.

Surfaces* contains "two varieties" of pictures:  photos "strictly for the purpose of identifying a surface," and photos meant to show the underlying "materials in different settings."  *Id.*, Ex. 1 at 13.  Juracek took some of the photos "as a result of spotting a material" for use in a current or potential design project or "simply because [she] wanted to remember the particular surface."  *Id.* Others were studio photos "taken in a reasonably color-neutral lighting situation with the focus on the material" to "offer a more objective view" of the material.  *Id.*

The *Surfaces* book tells readers that these photos are "ready to be used in your designs, presentations, or comps, as backgrounds or for general visual information."  *Id.,* Ex. 1 at 5.  The book also comes with a CD-ROM offering "easy-to-use screen resolution TIFF files of every image!"  *Id.,* Ex. 1 at 5, 75. The CD-ROM contains formatted, "screen resolution TIFF files" of the photos in *Surfaces* and instructions for "manipulating the TIFF images in Photoshop or equivalent software."  *Id.*, ¶ 3 and Ex. 2.  The CD-ROM also advertises that additional, unformatted "[o]riginal images can be obtained from the author."  *Id.*, Ex. 2.

Juracek's lone Copyright Registration No. TX 4-442-862 claims the compilation of photos

---

[1] The Court may consider the copyrighted work on a motion to dismiss because it is incorporated by reference into the Complaint.  *See Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 629 n.1 (S.D.N.Y. 2008). The copyrighted work itself supersedes and controls contrary descriptions, including any contrary allegations, conclusions, or descriptions of the work in the Complaint.  *Brown v. Netflix, Inc.*, No. 20-2007, 2021 U.S. App. LEXIS 14673, at *5–6 (2d Cir. May 18, 2021) (quoting *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010)).  Exhibit 1 to the accompanying Apple Declaration is an excerpted copy of *Surfaces* and Defendants are willing to provide the Court a full copy of *Surfaces* and the accompanying CD-ROM upon request.

and text in *Surfaces* and accompanying CD-ROM.   Dkt. No. 1, ¶ 15; Apple Decl., Ex. 3.[2] According to the registration, *Surfaces* contains "some material from other sources," and Juracek's copyright claim was based on "New Matter: text, photos, compilation in book; compilation on CD-ROM."  Apple Decl., Ex. 3.

As a basis for her claims, Juracek alleges that some *Resident Evil* and *Devil May Cry* video games use the surfaces that are the subject of photos in *Surfaces*.   In the body of her Complaint, for example, Juracek specifically alleges that Capcom used or copied a photo of shattered safety glass titled "G079," a photo of a feature from in the Lockwood-Mathews Mansion in Norwalk, Connecticut titled "W061," and a photo of a piece of bronze with a "random etched surface" titled "ME009" in connection with creating imagery for a *Resident Evil* game.  Dkt. No. 1, ¶¶ 24–27, 33–35; *see* Apple Decl., Ex. 1 at 24 (W061), 58 (ME009), 71 (G079), 74 (Photo Sources).  Juracek also provides comparisons between various photos of glass, brick, wood, marble, metal, plaster, stone, and tile surfaces from her book and what she alleges to be screen captures from *Resident Evil* and *Devil May Cry* video games.[3]  *See* Dkt. No. 1-1.  Games in both franchises were first published some twenty years ago.  *See, e.g.*, Apple Decl., Ex. 4 (*Resident Evil: Director's Cut* first published in 1997) and Ex. 5 (*Devil May Cry* first published in 2001).

As to the Defendants, the Complaint describes Defendant Capcom Co. Ltd. ("Capcom Japan") as a corporation organized in Japan with a Japanese address, and Defendant Capcom USA, Inc. ("Capcom USA") as a California corporation with a California address.  Dkt. No. 1, ¶¶ 3–4. Beyond these two allegations, the Complaint lumps Capcom Japan and Capcom USA together

---

[2] This Court may take judicial notice of information in the United States Copyright Office Public Catalog.  *See Swanigan v. Young*, No. 1:15-CV-1272, 2016 U.S. Dist. LEXIS 165591, at *10 (N.D.N.Y. Nov. 30, 2016).

[3] The Complaint does not provide citations or source information for most of these screen captures, and so they cannot be verified.  Other images appear to be from publicly posted third-party videos that identify themselves as videos of various games' gameplay, rather than images taken directly from Capcom games.

collectively, as a group (either "Capcom" or "Defendants").  None of Juracek's other substantive allegations (including jurisdictional ones) address either entity individually—even though Capcom Japan and Capcom USA are separate entities.  Capcom USA is a subsidiary of Capcom Japan. Dkt. No 14.

## ARGUMENT

### I.   JURACEK FAILS TO STATE A CLAIM

#### A.   Plaintiff's Copyright Infringement Claim Fails Because She Lacks a Plausible Allegation of Wrongful Copying

Plaintiff's copyright infringement claim should be dismissed because she does not sufficiently allege wrongful copying, just copying of the photographed surfaces that she did not create.  Copyright infringement requires wrongful copying, *i.e.*, that the works are substantially similar.  *Zalewski v. Cicero Builder Dev. Inc.*, 754 F.3d 95, 100–01 (2d Cir. 2014).  The term "substantial similarity" only applies to "similarity that exists between the ***protected*** elements of a work and another work."  *Zalewski*, 754 F.3d at 101 (emphasis added).  Protectable elements must be "aspects of the work that originate with the author."  *Id.* at 102.  When an original work contains many ***unprotected*** elements, the Court "must be more discerning, [and] ignor[e] those aspects of a work that are unprotectable" when evaluating substantial similarity.  *Id.* (internal quotation omitted).  Further, "[w]hen similar works resemble each other only in unprotected aspects" such as "expression that is not proprietary to plaintiff—defendant prevails."  *See Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp. 2d 382, 390 (S.D.N.Y. 2005) (citing 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.03[B][2] (2005)).  Thus, the Court must ignore aspects of Plaintiff's photographs that she did not create, including designs, patterns, and other expression originating from the photographed surfaces.

The Second Circuit has "repeatedly recognized" that this question is often appropriate for

resolution as a matter of law, "either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'" *Fulks v. Knowles-Carter*, 207 F. Supp. 3d 274, 279 (S.D.N.Y. 2016) (dismissing complaint) (quoting *Peter F. Gaito Architecture*, 602 F.3d at 63).  When a court considers whether the works are substantially similar, "no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works." *Id.* (quoting *Peter F. Gaito Architecture*, 602 F.3d at 64).

Under these standards, Juracek's copyright infringement claim must be dismissed because she has not plausibly alleged copying of any protectable expression in her photographs.  She identifies no aspect of her photos that is original to her (any original expression protectable by copyright), or to plausibly allege that the Capcom images are substantially similar to any such protectable expression.

First, in the text of her Complaint, Plaintiff identifies no copying of protectable expression. Rather, she complains only about Defendants' alleged copying of unprotected features of the ***underlying surfaces*** she photographed, and not any of her original expression.  For example, Juracek alleges that Capcom copied G079 because the *Resident Evil 4* logo "employs a specific shattered glass *pattern*" that is the subject of the photo and that Capcom "did not independently create the shatter *pattern*." *See* Dkt. No. 1, ¶¶ 23, 36, 38 (emphasis added).  Juracek also alleges that Capcom copied "the interior mansion door design" that is the subject of W061. *Id.*, ¶¶ 26, 36. For the comparisons in Exhibit A to the Complaint, Juracek alleges that it would have been "almost impossible for Defendant to have created or obtained the design from another source." *Id.*, ¶ 27. In each case, Plaintiff claims Capcom copied the "pattern," "design," or other aspect of the underlying surface. *See, e.g.*, Dkt. No. 1, ¶¶ 23 ("glass shatter pattern"), 27 ("the design"), 36

("same pattern of shattered glass in a logo and interior door design").  But this does not show wrongful copying because Plaintiff did not create the underlying surfaces, patterns, or designs, and those elements are not protected by her copyright.  *See Zalewski*, 754 F.3d at 107 (finding no copyright infringement even if defendant copied plaintiff's architectural plans because no protected expression was copied).

Second, in her Complaint and 134-page "Exhibit A," Plaintiff identifies no original, protectible expression in any of her photos, much less allege any copying of such expression.  A photograph may have original expression in three respects:  rendition, timing, and creation of the subject.  *See, e.g.*, *Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 452 (S.D.N.Y. 2005).  A closer examination of these forms of expression shows further why Juracek's infringement claims are insufficient and must be dismissed.  Juracek's complaint does not plausibly allege that any of these types of original expression are present in her photographs, much less that the Capcom games are substantially similar to any protectable expression.

### i.      No Plausible Allegation of Copying the Rendition

The rendition of a photo refers to how a photo is depicted rather than what it depicts.  *See Mannion*, 377 F. Supp. 2d at 452.  Rendition may include the selection of lighting, the angle of the shot, or other effects achieved by filters, developing techniques, and the like.  *Id.*  Although the rendition of photos of pre-existing objects may be protectable by copyright, this protection confers no exclusive rights in the photographed objects, such as the surfaces photographed by Juracek, and cannot prevent other depictions of those objects.  *Caratzas v. Time Life, Inc.*, 92 Civ. 6346 (PKL), 1992 U.S. Dist. LEXIS 16285, at *10 (S.D.N.Y. Oct. 22, 1992).

Juracek has identified no specific original expression in her rendition of the photos in *Surfaces*, nor has she alleged that Capcom copied any original rendition.  For example, Juracek does not allege that there is anything original in the angle at which she photographed G079, which

depicts a flat surface at a head-on angle.  *See* Dkt. No. 1.  Nor could she, because there is nothing

unusual about the head-on camera angle and such similarities are "are so general that they rise to

the level of unprotected ideas."  *See Fulks*, 207 F. Supp. 3d at 281 (dismissing copyright

infringement claim because plaintiff failed to allege anything unusual about shooting scenes from

the left).  Further, Juracek only alleges that Capcom copied the shattered glass *pattern* in G079,

which is part of the unprotectable underlying surface, not that Capcom copied any original

rendition in how the photo depicts the shattered glass.  Dkt. No. 1, ¶¶ 23, 36, 38.  A closer look at

the images in the Complaint show that no rendition was copied.  A comparison of the images

makes clear that the lighting, background, color, and shadowing in the *Resident Evil 4* logo is not

substantially similar to the corresponding aspects of the G079 photo:



| G079 | *Resident Evil 4* Logo |

Dkt. No. 1, ¶ 25; Dkt. No 1-1 at 2.  Rather, the only similarity is the pattern of the glass surface—

an aspect to which Juracek's copyright does not extend.

  Similarly, Juracek's allegations that Capcom copied W061 and "manipulated it to fit game

scenery" as a door and frame similarly fail to plausibly show that Capcom copied any photographic

rendition of W061.  *See* Dkt. No. 1 ¶ 26.  Again, Juracek does not allege any original expression

in her rendition of the door.  And even if she did, Plaintiff's own comparison of the images shows

that they are not substantially similar in their rendition—the images in the Complaint have different lighting and are depicted from a different angle:



*Id.* Thus, the only alleged similarity between the in-game image and W061 is the design of the surface that is the subject of the photo. And again, that aspect of the photograph is not within the scope of Juracek's copyright.

Likewise, Juracek fails to allege copying of any original expression in the rendition of any of the remaining photos in the Complaint, including throughout Exhibit A. Rather, the alleged Capcom gameplay screenshots provided by Juracek in the Exhibit display different angles and lighting from Juracek's originals. In many of her examples, the features being compared in the alleged Capcom images would be unrecognizable but for Juracek's superimposing a photo of her original over the alleged Capcom images, which again, merely shows similarity in the underlying surface—not in the rendition. The following table recreates many examples from Plaintiff's Exhibit A, comparing Juracek's originals to copies of the alleged Capcom images presented without Juracek's annotations and superimposed images.[4] Without her annotations, the differences in rendition are clear:

---

[4] The images in the right column below are from YouTube videos used by Juracek in Exhibit A to the Complaint, but without her annotations and superimposed images. *See* Apple Decl., ¶ 7.



**G076**
Apple Decl., Ex. 1 at 70;
*see* Dkt. No. 1-1 at 8.





Apple Decl., Ex. 6;
*see* Dkt. No. 1-1 at 8.



**ME064**
Apple Decl., Ex. 1 at 61;
*see* Dkt. No. 1-1 at 70.





Apple Decl., Ex. 7;
*see* Dkt. No. 1-1 at 70.





**ME074**
Apple Decl., Ex. 1 at 63;
*see* Dkt. No. 1-1 at 81.



Apple Decl., Ex. 8;
*see* Dkt. No. 1-1 at 81.





**T061**
Apple Decl., Ex. 1 at 73;
*see* Dkt. No. 1-1 at 100.



Apple Decl., Ex. 9;
*see* Dkt. No. 1-1 at 101.

At best, these comparisons only show similarity of the underlying surface, not substantial similarity of the rendition.  Many of these examples are also different in further respects, such as the color and design, further undermining any possible claim that Juracek's original expression was copied.  Juracek has not alleged that her photos have original rendition, and even if they did, no reasonable jury could find that the Capcom images in Juracek's Complaint have substantially similar rendition.

### ii.        No Plausible Allegation of Originality in the Timing

The timing of a photograph may be original when it happens to be taken at the right place at the right time, such as a photo that captures the fleeting moment that a salmon appears to be jumping into the gaping mouth of a brown bear.  *Mannion*, 377 F. Supp. 2d at 452–53 (S.D.N.Y. 2005).  Juracek does not and cannot plausibly claim originality in the timing of any of the photos because each photo is a static image of a still surface that would have looked the same no matter when she photographed it.  *See* Dkt. No. 1-1.

### iii.        No Plausible Allegation of Originality in the Creation of the Subjects

The creation of the subject may be original only where the copyright holder created the scene or subject to be photographed.  *Mannion*, 377 F. Supp. 2d at 454–55.  Juracek does not allege that she created the scene or subjects depicted in any of the photos.  *See* Dkt. No. 1.  The only attribution Juracek provides for the photos confirms that they were photos of pre-existing objects.  *See* Apple Decl., Ex. 1 at 74 (listing third-party buildings and materials as "photo sources").  Nor does Juracek allege that she registered copyrights for any of the underlying objects that she photographed.  Dkt. No. 1, ¶ 15.  Although Juracek asserts that some of the photos, such as W061, depict portions of a mansion that are not publicly accessible, that is not a basis for her to assert exclusive rights in the photographed objects.  *See* Dkt. No. 1, ¶ 26.  "[A] 'ready-made scene or thing' is not protectable expression absent additional orchestration" and, absent those allegations,

Juracek cannot claim infringement based on copying of the underlying subject matter of her photos. *See Fulks*, 207 F. Supp. 3d at 283.

For these reasons, Juracek's Complaint does not plausibly allege that any aspect of her photos is original to her, much less that Capcom copied any such copyrightable portion. As the comparisons in the Complaint show, her claims rest instead on alleged copying of material outside the scope of her copyright—surfaces that she had no hand in creating. Such allegations do not make it plausible that Capcom infringed her copyright.

### B.   Plaintiff's Damages Claims Are Also Subject to Dismissal

#### i.   Improper Claim for Damages Prior to June 4, 2018

Juracek's damages claim should be dismissed to the extent that she seeks damages beyond the three-year lookback period for copyright damages. Juracek filed the Complaint on June 4, 2021 seeking relief such as actual damages and profits with no temporal limitation. Dkt. No. 1 at 12. Juracek's claims stem from games published as far back as the 1990s. *See, e.g.*, Apple Decl., Ex 4 (published in 1997). But Juracek cannot recover for copyright infringement that occurred more than three years before she filed her Complaint. *See Sohm v. Scholastic Inc.*, 959 F.3d 39, 51–52 (2d Cir. 2020) ("[U]nder the Copyright Act, a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit."). For this reason, this Court should dismiss or strike Juracek's claims for recovery for damages before June 4, 2018.

#### ii.   Improper Claim for Multiple Statutory Damages

Juracek's claims for statutory damages should also be dismissed because she claims a statutory award for *each* alleged photo rather than each alleged work. Juracek claims statutory damages of up $150,000 "for each photo infringed" for up to $12,000,000 based on alleging that Capcom infringed eighty of her photographs. Dkt. No. 1, ¶ 49. But Juracek cannot recover statutory damages eighty times over because she has only alleged the existence of <u>one</u> registered

work—a compilation of photos.  *See id.*, ¶ 15.  At most, Juracek could only recover one award of statutory damages because "the Copyright Act unambiguously provides that a compilation, although composed of separate and independent works, constitutes one work for purposes of calculating statutory damages."  *Masterfile Corp. v. Country Cycling & Hiking Tours by Brooks, Inc.*, No. 06 Civ. 6363, 2008 U.S. Dist. LEXIS 7666, at *7 (S.D.N.Y. Feb. 4, 2008) (citation and internal quotation marks omitted); *see* 17 U.S.C. § 504(c)(1).  Other courts in this circuit have held that a single registration in a compilation of photos or images can support only one award of statutory damages no matter the number of allegedly infringed photos.  *See Barcroft Media, Ltd. v. Fashion in Me Inc.*, No. 16cv7574 (LGS) (DF), 2018 U.S. Dist. LEXIS 95354, at *12–13 (S.D.N.Y. June 5, 2018) ("As the Smith Photographs were collectively registered as a compilation and therefore constitute 'one work' under the Copyright Act, the fact that the Defendant republished four of the photographs separately must be seen to constitute a single act of infringement."); *Philpot v. Music Times LLC*, No. 16cv1277 (DLC) (DF), 2017 U.S. Dist. LEXIS 48454, at *28 (S.D.N.Y. Mar. 29, 2017) ("The mere fact that Defendant republished two separate images from among those included in a copyrighted compilation does not mean that it may recover statutory damages for each re-publication . . . .  Accordingly, Plaintiff may recover only one award of statutory damages.").  Even if Juracek's photos were independently copyrightable, that would only mean that her copyright would be a collective work, a type of compilation that would still not support a claim for multiple statutory damages.  *See Stokes Seeds, Ltd. v. Geo. W. Park Seed Co.*, 783 F. Supp. 104, 107 (W.D.N.Y. 1991) (holding that a book of photos constituted one work and could only justify a single statutory damage award).  Thus, Juracek's claim for up $150,000 for each photo infringed for a total statutory damage award of up to $12,000,000 should be dismissed or stricken from her complaint.  *See Secunda v. Time Warner Cable of New York City*, No. 95 Civ.

0671, 1995 U.S. Dist. LEXIS 16975, at *6–7 (S.D.N.Y. Nov. 14, 1995) (granting motion to dismiss plaintiff's claim for statutory damages where such damages are not legally recoverable).

### C. Plaintiff Lacks Plausible Allegations of False CMI and Removal of CMI

This Court should dismiss Juracek's DMCA claim for false computer management information (CMI) and removal of CMI. <u>First</u>, Juracek's claim should be dismissed for the same reason as her copyright infringement claim—she has not sufficiently alleged that Capcom wrongfully copied her work or infringed her copyright. *See* 17 U.S.C. § 1202. <u>Second</u>, Juracek alleges that Capcom removed CMI for the *Surfaces* book and CD, but she does not allege that there was any CMI present on or in the individual photos, much less that Capcom removed CMI for the photos. *See Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. 03-4962, 2004 U.S. Dist. LEXIS 23052, at *45 (E.D. Pa. Nov. 12, 2004) (entering judgment for defendant and holding that CMI is not considered "removed" for individual images in a book where CMI was only on the front cover).

<u>Third</u>, Juracek has not alleged false or removed CMI "conveyed in connection with copies . . . of a work . . . or displays of a work . . . ." *See* 17 U.S.C. § 1202(c). At most, Juracek alleges that Capcom used her work to create and distribute derivative works, which does not qualify as "removing" CMI from an original, copyrighted work under the DMCA. *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 608–11 (S.D.N.Y. 2018) (holding that use of a work "in modified form" that is "of a different character" cannot support a DMCA claim based on the removal of CMI); *see also Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010) ("[N]othing was removed from the copyrighted works. Instead, information from Dr. Moulton's courses was allegedly copied into a different form and then incorporated into the note packages."); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2014 U.S. Dist. LEXIS 157560, at *19 (D. Haw. Nov. 7, 2014) ("To the extent Frost-Tsuji is arguing that Kadowaki created 'shop drawings' based on Frost-Tsuji's work and left out Frost-Tsuji's copyright

management information in the process, no actionable removal of copyright management information is involved, as basing a drawing on another's work is not the same as removing copyright management information."). For these reasons, Plaintiff's DMCA claim should be dismissed.

**D.     The Complaint Must Be Dismissed Because It Is Vague and Incomprehensible**

Rule 8 of the Federal Rules of Civil Procedure require that the Complaint give Defendants "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Schachter v. Sunrise Senior Living Mgmt.*, No. 3:18-cv-00953 (JAM), 2020 U.S. Dist. LEXIS 44964, at *17 (D. Conn. Mar. 16, 2020) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)). "A complaint does not satisfy Rule 8 '[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct.'" *Id.*; *see also Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 661 (11th Cir. 2019) (affirming dismissal of "shotgun pleading" complaint that "pervasively lumped separate companies together in a conclusory fashion, treated separate companies as a single entity without explanation, and failed to differentiate the allegations against each Defendant so that each could identify its allegedly improper conduct").

Juracek's claims should be dismissed because she fails to distinguish between the separate Defendant entities—Capcom Japan and Capcom USA. Aside from alleging that Capcom Japan is Japanese and that Capcom USA is a California corporation (Dkt. No. 1, ¶¶ 3–4), Juracek's Complaint only refers to Capcom Japan and Capcom USA collectively as "Capcom" or "defendants." *See* Dkt. No. 1. Her failure to distinguish between Capcom Japan and Capcom USA makes it impossible to differentiate the allegations against each Defendant. For example, copyright infringement requires an act of infringement in the United States, but in lumping Capcom Japan and Capcom USA together, Juracek makes it impossible to determine which actions

15

any individual Capcom Defendant allegedly took or where the acts occurred.  *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 339 (S.D.N.Y. 2020) ("United States copyright laws do not apply extraterritorially.").   Some of Juracek's allegations even refer to a single Defendant without specifying which entity she is referring to.   *See, e.g.*, Dkt. No. 1, ¶¶ 9 ("Defendant knew or had reason to believe that Plaintiff was located in Connecticut and that harm would be felt in Connecticut as a result of Defendant's actions"), 29 ("Defendant had access to the book or CD-ROM, or both").  Juracek's claims should be dismissed because they are impossibly vague and incomprehensible in their treatment of Capcom Japan and Capcom USA as a single entity, making it impossible for each Defendant to identify and address the allegations against itself.  *See Schachter*, 2020 U.S. Dist. LEXIS 44964, at *18 (dismissing complaint).

## II.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

This action should also be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because Plaintiff's failure to provide individual and separate allegations about Capcom Japan and Capcom USA, as described above, renders the Complaint's jurisdictional foundation legally insufficient.  Plaintiff bears the burden of establishing that the Court has jurisdiction over each Defendant.  *Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Grp., Inc.*, 312 F. Supp. 2d 247, 252 (D. Conn. 2004).

First, Plaintiff provides no factual averments that support an exercise of the Connecticut long-arm statutes against either Defendant.  As described above, Plaintiff concedes that Capcom Japan is in Japan and Capcom USA is in California.  Dkt. No. 1, ¶¶ 3, 4.  Accordingly, personal jurisdiction over either Defendant must be independently authorized by Connecticut's long-arm statute applying to foreign corporations, Conn. Gen. Stat. § 33-929(f).  Yet Juracek does not allege facts showing that this statute applies to either Capcom Japan or Capcom USA.  Rather, as

described above, Juracek only alleges that "Defendants" ***collectively*** "committed acts of copyright infringement," and promoted, sold, distributed, and marketed "infringing products" in the state. Dkt. No. 1, ¶¶ 9–10.  These allegations are insufficient because Connecticut law requires Plaintiff to "present specific, and not simply conclusory, allegations" that "allege jurisdictional facts sufficient to prove" that the Court has personal jurisdiction over ***each*** specific Defendant.  *See Southridge Partners II, Ltd. P'ship v. SND Auto Grp., Inc.*, No. 3:17-CV-1925 (KAD), 2019 U.S. Dist. LEXIS 218003, at *15 (D. Conn. Dec. 19, 2019) (quoting *Matthews v. SBA, Inc*., 149 Conn. App. 513, 552 (2014)) (dismissing complaint against two Defendants for which the complaint lacked specific jurisdictional allegations); *see also Matthews*, 149 Conn. App. at 551-52 (affirming no personal jurisdiction where complaint relied on general jurisdictional allegations about categories of defendants).

Indeed, Juracek's broad claims like "Defendants . . . promoted and sold their infringing products" resemble claims dismissed for lack of personal jurisdiction in *Leonard v. GM L.L.C., 504* F. Supp. 3d 73, 87 (D. Conn. 2020).  In *Leonard*, the plaintiff lumped together various GM companies in its complaint, alleging that "the defendants" produced a defective car that defendant "General Motors Company produced and shipped" into Connecticut.  *Id*.  The court found these claims "conclusory with respect to General Motors Company" because they did "not identify any specific actions taken by General Motors Company in particular and instead paint[ed] the defendants with a broad brush."  *Id*.  The court thus dismissed the claims against General Motors Company for failure to make a prima facie showing that the court had personal jurisdiction.  *Id.* Juracek's claims should likewise be dismissed for lack of personal jurisdiction because she identifies no specific actions on the part of either Defendant, relying instead on accusing both collectively and with a broad brush.

Second, and for the same reasons, Plaintiff's conclusory allegations fail to make a prima facie case for personal jurisdiction over Capcom Japan or Capcom USA under federal law. Federal due process limits personal jurisdiction by requiring that each defendant that have certain "minimum contacts" with a state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For non-resident defendants, a plaintiff must establish that (1) the defendant purposefully availed itself of the privilege of conducting activities within the forum State or purposefully directed its conduct into that State, (2) the plaintiff's claim arose or resulted from the defendant's forum-related conduct, and (3) the exercise of jurisdiction is reasonable. *United States Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143, 150 (2d Cir. 2019). But by lumping together Capcom USA and Capcom Japan, Plaintiff fails to state non-conclusory facts alleging that either entity meets this test. *See Halo Tech Holdings, Inc. v. Cooper*, No. 3:07-CV-489(AHN), 2008 U.S. Dist. LEXIS 24831, at *19 (D. Conn. Mar. 26, 2008) (vague and conclusory statements cannot establish personal jurisdiction).

## III.   <u>CONCLUSION</u>

For the above reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim. To the extent Plaintiff's claims depend on allegations that Defendants copied uncopyrightable features of the underlying surfaces that Plaintiff photographed, her claims fail as a matter of law and should be dismissed with prejudice. *See Williams v. Foley*, No. 3:15-cv-1324 (MPS), 2016 U.S. Dist. LEXIS 114413, at *30 (D. Conn. Aug. 25, 2016) (dismissing claims with prejudice when amendment would be futile). In addition, the Complaint against Capcom Japan should be dismissed for lack of personal jurisdiction

Defendants,
**Capcom Co. Ltd. and Capcom USA, Inc.**

By: _____

Timothy A. Diemand (CT18075)
WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103-3402
T: 860.297.3700
F: 860.297.3799
tdiemand@wiggin.com

Jennifer L. Kelly (phv20225)
Ryan Tyz (phv20221)
Erin Jones (phv20222)
Sean K. Apple (phv20211)
**TYZ LAW GROUP PC**
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900
jennifer@tyzlaw.com
ryan@tyzlaw.com
ejones@tyzlaw.com
sapple@tyzlaw.com

19