UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Judy A. Juracek, | Civil Action No. 3:21-cv-00775 |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | |
| Capcom CO., LTD. and Capcom USA, Inc., | |
| Defendants | |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: June 4, 2021

Date Complaint Served: June 21, 2021

Date of a Defendant's Appearance: August 13, 2021

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on September 16, 2021. The participants were:

Jonathan Winter and Gene Winter for plaintiff Judy A. Juracek

Ryan Tyz and Erin Jones of Tyz Law Group PC for defendants Capcom Co., LTD. and Capcom USA, Inc.

I. Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the

case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction

    A. Subject Matter Jurisdiction

Plaintiff asserts a copyright claim under the U.S. Copyright Act 17 USC 101 et seq. and states that Copyright claims are subject to exclusive Federal Jurisdiction. Defendants do not contest that the Court has subject matter jurisdiction over this matter.

    B. Personal Jurisdiction

Defendants Capcom Co., Ltd. and Capcom USA Inc. contend the complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(2).

III. Brief Description of Case

    A. Claims of Plaintiff/s

Judy A. Juracek published a photo book a number of years ago which included texture/surfaces images. Plaintiff claims copyright infringement and removal of copyright management information in connection with Defendants video game series including Resident Evil, Devil May Cry (Care), Umbrella Corps and various versions/remakes of games sold under those titles. Plaintiff also believes Defendants have also provided files to Facebook/Oculus in connection with a planned release of Resident Evil 4 VR on Oculus gaming platforms. Essentially, Plaintiff claims that Defendants have used the images from Plaintiff's book without authorization and that this use was disguised due to Defendant's removal of Plaintiff's copyright notice. Plaintiff is currently aware of unauthorized use of approximately 80 or more images. Plaintiff claims actual damages and profits or alternately statutory damages which Plaintiff may elect at a future time.

Plaintiff's copyright was registered before infringement commenced and Plaintiff is therefore entitled to an award of attorney fees and costs.

  B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims, either pled or anticipated) of Defendant/s:

Defendants Capcom USA and Capcom Co., Ltd. filed a motion to dismiss the complaint on September 20, 2021 under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). First, as set forth in that motion, Plaintiff Juracek's copyright claims are subject to dismissal because she only alleges copying of non-copyrightable features of her photographs – specifically, features present in the pre-existing, underlying surfaces that she photographed. Indeed, Juracek does not allege that she made a single creative contribution to any of her photographs, or identify where a single copyrightable feature of a photograph was allegedly copied. Thus, her claims fail. Second, her complaint improperly seeks damages for a longer time period than the three-year period of damages allowed under the law, and improperly seeks statutory damages for every allegedly copied photo, when the law only provides statutory damages for Juracek's single copyrighted work. Third, the complaint improperly lumps Capcom USA and Capcom Co., Ltd. together and treats them as a single entity without explanation, which makes it impossible for each Defendant to identify the claims against it individually. Similar defects render the complaint's allegations of personal jurisdiction legally deficient. For all these reasons, Defendants contend the complaint should be dismissed. Beyond Defendants' motion to dismiss, it anticipates the asserting the following defenses: (1) it does not infringe plaintiff's copyright, (2) plaintiff granted an actual or implied license to use the photos, (3) fair use, and (4) plaintiff suffered no damages.

  C. Defenses and Claims of Third Party Defendant/s:

N/A

IV. Statement of Undisputed Facts

- Plaintiff is the owner of the copyright to the book Surfaces and Plaintiff has timely registered the copyright which includes the photos contained in the book/CD ROM.
- *Resident Evil: Director's Cut* was first published in 1997.
- *Devil May Cry* was first published in 2001.

V. Case Management Plan

A. Initial Disclosures

Initial disclosures will be served by October 15, 2021.

B. Scheduling Conference

1. The parties **request** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted **by telephone**.

C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. The parties are amenable to discussing the possibility of an early settlement, including the informal exchange of limited information for evaluating settlement, over the next few months. Depending on the outcome of those discussions, the parties are amenable and may seek an early settlement conference with a magistrate judge in early 2022, if a procedure can be agreed upon that permits the parties and their representatives to participate remotely at their option if they are required to participate.

D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until December 31, 2021 to file motions to join additional parties and until October 11, 2021 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. Defendants' deadline to respond to the complaint was September 20, 2021. Defendants have filed a motion to dismiss the complaint. Defendants should be allowed until December 31, 2021 to file motions to join additional parties and until December 31, 2021 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

- Plaintiff's Position: Plaintiff will likely require production of electronic files of Defendant including three dimensional modeling files, backups and uncompiled versions of the games and environment libraries or photoshop (or equivalent) files to use as evidence of Defendants' possession and use of Plaintiff's images.

- Defendant's Position: Defendants will meet and confer with Plaintiff regarding a reasonable scope of future discovery. Defendant(s) reserve the right to object to discovery requests on all available grounds.

b. The parties anticipate that discovery will be needed on the following subjects: Plaintiff's development of the Surfaces work and underlying photographs, Plaintiff's copyright registration, Plaintiff's ownership of the copyright, Plaintiff's licensing history and practices, Plaintiff's knowledge of Capcom games, Defendants' use of Plaintiff's images in Defendants' game design files, the scope of games using Plaintiff's images and sales figures related to games and merchandise.

c. Fact discovery has already commenced and all discovery will be completed (not propounded) by January 31, 2023. The parties have indicated a willingness to consider extensions to discovery response deadlines, depending on if settlement efforts are productive or to facilitate settlement. To that end, both parties have agreed to extend discovery response deadlines by 30 days to discovery served on or prior to October 1, 2021

d. Discovery will be conducted in phases.

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by:

Fact Discovery to be completed by September 30, 2022.

Expert Discovery to be completed by January 31, 2023.

f. The parties anticipate that each party will require a total of 3-5 depositions of fact witnesses. The depositions will commence by February 1, 2022 and shall be completed by September 30, 2022.

g. The parties agree to email service of all documents requiring service, including discovery requests and responses, and the parties agree to the limits on discovery as imposed by the Federal Rules with the option to request more on a showing of good cause.

h. The parties anticipate they will call expert witnesses at trial. All expert witnesses will be disclosed and expert reports and other required disclosures will be produced in accordance with the following schedule.

i. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which she bears the burden of proof by October 31, 2022. Depositions of any such experts will be completed by January 31, 2023.

j. Defendant(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on all issues (regardless of the burden of proof) by December 2, 2022. Plaintiff may file a responsive expert report on issues raised in Defendant(s) report(s) for which Defendant has the burden of proof by December 23, 2022. Depositions of all experts will be completed by January 31, 2023.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 31, 2022.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and

production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties are conferring on a document production format.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: Where a document is withheld on the basis of a privilege claim, a privilege log will be supplied no later than the close of fact discovery detailing: the specific basis for the claim of privilege, and stating for each piece of information or document:

    a. its date;
    b. its author(s);
    c. its addressees and/or distributes:
    d. its general type (*e.g.,* letter, email, text, memo, report, invoice, etc.) and the general type of its subject matter.

F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case: N/A

G. Summary Judgment Motions:

Dispositive motions will be filed on or before March 3, 2023.

H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 60 days after a ruling on Summary Judgment motions or if none filed, May 31, 2023.

VI. TRIAL READINESS

The case will be ready for trial by June 30, 2023.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff By _____ J.wintr _____ Date: 9/24/21

Defendant By _____ Date: 9/24/21

The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff _____ J.wintr _____ Date: 9/24/21

Defendant _____ Date: _____