UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUDY A. JURACEK, | |
| Plaintiff, | Civil Action No. 3:21-cv-00775-SALM |
| v. | |
| CAPCOM CO., LTD. and CAPCOM USA, INC., | October 25, 2021 |
| Defendants. | |

## DEFENDANTS CAPCOM CO., LTD. AND CAPCOM USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Capcom Co., Ltd. and Capcom USA, Inc. ("Capcom" or "Defendants") by and through undersigned counsel, hereby answer Plaintiff Judy A. Juracek's ("Plaintiff" or "Juracek") First Amended Complaint ("FAC") as follows:

## INTRODUCTION

1.     Answering Paragraph 1 of the FAC, Defendants admit that Plaintiff purports to bring an action for federal copyright infringement under 17. U.S.C. § 101 et seq, and/or contributory copyright infringement and removal of copyright management information. Defendants deny any infringement or violation of the copyright laws, and deny the remaining allegations of Paragraph 1 of the FAC.

## PARTIES

2.     Defendants currently lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the FAC, and therefore deny them.

3.     Answering Paragraph 3 of the FAC, Defendants admit that Capcom Co., Ltd. ("Capcom Japan") is a corporation organized in Japan with an address at 3-1-3 Uchihiranomachi,

Chuo-ku Osaka Japan 540-0037.

4.      Answering Paragraph 4 of the FAC, Defendants admit that Capcom USA, Inc. ("Capcom USA") is a California corporation having an address at 185 Berry Street, Suite 1200, San Francisco, CA 94107 and is a subsidiary of Capcom Japan.

5.      Paragraph 5 of the FAC contains a definition to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph, including on the ground they are vague.

6.      Answering Paragraph 6 of the FAC, Capcom admits that it has sold certain games that contain the name RESIDENT EVIL in the United States.  Capcom otherwise currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the FAC and therefore denies them.

### JURISDICTION AND VENUE

7.      Answering Paragraph 7 of the FAC, Defendants admit that this Court has subject matter jurisdiction over copyright claims under 28 U.S.C. §§ 1331 and 1338.  Defendants deny the remaining allegations of Paragraph 7.

8.      Answering Paragraph 8 of the FAC, Capcom admits that venue in copyright actions is determined pursuant to 28 U.S.C. §§ 1391, 1400(a).  Capcom denies the remaining allegations in Paragraph 8 of the FAC.

9.      Paragraph 9 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 9 of the FAC, including because they are vague.

10.      Paragraph 10 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 of the FAC and therefore denies them.

11.     Paragraph 11 of the FAC contains legal conclusions and arguments to which no response is required.   To the extent a response is required, Capcom denies the remaining allegations in Paragraph 11 of the FAC.

12.     Answering Paragraph 12 of the FAC, Defendants admits that Capcom USA has sold and distributed certain games in the United States.  Defendants deny the remaining allegations in Paragraph 12, including because they are vague.

13.     Answering Paragraph 13 of the FAC, Capcom admits that the ResidentEvil.net URL redirects to https://game.capcom.com/residentevil/en, which webpage identifies Capcom Co., Ltd. as its copyright owner.   Capcom admits that the "Resident Evil.net Terms and Conditions" at https://game.capcom.com/residentevil/en/agreement-page.html state that "By using the Services you are deemed as agreeing to these Terms and Conditions.  These Terms and Conditions are translated from the Japanese version into English. In case of contradiction or inconsistency between the Japanese and English versions, the Japanese version shall prevail." Paragraph 13 of the FAC otherwise contains legal conclusions and arguments to which no response is required.   To the extent a response is required, Capcom denies the remaining allegations in Paragraph 13, including because they are vague.

14.     Answering Paragraph 14 of the FAC, Capcom admits that the figures on page 5 and 6      of      the      FAC      purport      to      show      a      screen      capture      from store.steampowered.com/app/1196590/Resident_Evil_Village, which webpage lists "CAPCOM Co., Ltd." as "DEVELOPER" and "PUBLISHER."  Paragraph 14 of the FAC otherwise contains legal conclusions and arguments to which no response is required.   To the extent a response is

required, Capcom denies the remaining allegations in Paragraph 14, including because they are vague.

15.     Answering Paragraph 15 of the FAC, Capcom admits that the figures on page 5 and 6 of the FAC purport to show a screen capture from store.steampowered.com/app/1196590/Resident_Evil_Village, which webpage lists May 7, 2021 as "RELEASE DATE."   Paragraph 15 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 15.

16.     Answering Paragraph 16 of the FAC, Capcom admits that the figure on page 7 of the FAC purports to show a screen capture from https://www.microsoft.com/en-us/p/resident-evil-village/9mtnpf414f65, which webpage contains the words and phrases "Capcom Co., Ltd.," and In-Game Purchases," and also states that "Resident Evil Village is currently not available." Paragraph 16 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom otherwise currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the FAC and therefore denies them.

17.     Paragraph 17 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 17.

18.     Paragraph 18 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 18.

19.     Answering Paragraph 19 of the FAC, Capcom admits that it produces certain game

software.  Paragraph 19 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 20.

21.     Paragraph 21 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21of the FAC and therefore denies them.

22.     Answering Paragraph 22 of the FAC, Capcom admits that the Capcom Integrated Report 2020, Financial Analysis and Corporate Data, Market Analysis, available at https://www.capcom.co.jp/ir/english/data/oar/2020/pdf/finance_02.pdf, includes North America in its discussion of certain markets.  Capcom Co., Ltd. admits that Capcom USA, Inc. is its wholly owned subsidiary.  Paragraph 22 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 22.

23.     Answering Paragraph 23 of the FAC, Capcom admits that Capcom USA, Inc. is a wholly owned subsidiary of Capcom Co., Ltd.  Capcom further admits that the webpage https://www.capcom.com/us/ states "Kenzo Tsujimoto Chairman and CEO, Capcom, Co. Ltd." Paragraph 23 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 and

therefore denies them.

24.     Answering Paragraph 24 of the FAC, Capcom admits that the "Capcom Group" webpage at https://www.capcom.co.jp/ir/english/company/address.html states "Ownership 100%" for Capcom U.S.A., Inc. and states that "With a powerful management system that covers affiliated companies in Japan and overseas, we conduct group business operations in a strategic manner in order to strengthen our base of operations."  Paragraph 24 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the remaining allegations in Paragraph 24.

## FACTUAL BACKGROUND

25.     Answering Paragraph 25 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies them.

26.     Answering Paragraph 26 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore denies them.

27.     Answering Paragraph 27 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies them.

28.     Answering Paragraph 28 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore denies them.

29.     Answering Paragraph 29 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29

and therefore denies them.

30.     Answering Paragraph 30 of the FAC, Capcom admits that at least one copy of a CD-ROM entitled "images from Surfaces" had the words "Copyright (c) 1996 by Judy A. Juracek" on its front.  Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 and therefore denies them.

31.     Answering Paragraph 31 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies them.

32.     Answering Paragraph 32 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore denies them.

33.     Answering Paragraph 33 of the FAC, Capcom admits that at least one copy of a CD-ROM entitled "images from Surfaces" had the words "Copyright (c) 1996 by Judy A. Juracek" on its front.  Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33 and therefore denies them.

34.     Paragraph 34 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom denies the allegations of Paragraph 34.

35.     Answering Paragraph 35 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore denies them.

36.     Answering Paragraph 36 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore denies them.

37. Answering Paragraph 37 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore denies them.

38. Paragraph 38 of the FAC contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom denies the allegations in this paragraph, including on the ground they are vague.

39. Paragraph 39 of the FAC contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom denies the allegations in this paragraph, including on the ground they are vague.

40. Paragraph 40 of the FAC contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom denies the allegations in this paragraph, including on the ground they are vague.

41. Paragraph 41 of the FAC contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

42. Paragraph 42 of the FAC contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom denies the allegations in this paragraph, including on the ground they are vague.

43. Paragraph 43 of the FAC contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom denies the allegations in this paragraph, including on the ground they are vague.

44. Paragraph 44 of the FAC contains legal conclusions and arguments to which no

response is required.  To the extent a response is required, Capcom denies the remaining allegations in this paragraph, including on the ground they are vague.

45.     Answering Paragraph 45 of the FAC, Capcom admits that it issued a Press Release at https://www.capcom.co.jp/ir/english/news/html/e201116.html, dated November 16, 2020, that stated that Capcom Co., Ltd. had been the victim of a customized ransomware attack following unauthorized access to its network.  Capcom otherwise denies the remaining allegations of paragraph 45.

46.     Answering Paragraph 46 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore denies them.

47.     Answering Paragraph 47 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore denies them.

48.     Paragraph 48 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore denies them.

49.     Answering Paragraph 49 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and therefore denies them.

50.     Answering Paragraph 50 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and therefore denies them.

51.     Answering Paragraph 51 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and therefore denies them.

52.     Paragraph 52 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and therefore denies them.

53.     Answering Paragraph 53 of the FAC, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and therefore denies them, including because they are vague.

54.     Paragraph 54 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore denies them.

55.     Paragraph 55 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in the first two sentences of Paragraph 55.  Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and therefore denies them.

56.     Paragraph 56 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, denies the allegations in Paragraph 56.

57.     Paragraph 57 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the first sentence of

paragraph 57.  Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57 and therefore denies them.

58.    Paragraph 58 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and therefore denies them.

59.    Paragraph 59 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 59.

60.    Paragraph 60 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in the first sentence of Paragraph 60.  Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60 and therefore denies them.

61.    Paragraph 61 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 61.

62.    Paragraph 62 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in the first two sentences of Paragraph 62.  Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 62 and therefore denies them.

63.    Paragraph 63 of the FAC contains legal conclusions and arguments to which no

response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 63.

64.     Paragraph 64 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 64.

## COUNT 1

### Alleged Copyright Infringement – 17 U.S.C. § 101 *et seq.*

65.     In response to Paragraph 65 of the FAC, Capcom repeats and incorporates by reference its responses to Paragraphs 1-64 of the Answer above as if fully set forth herein.  Capcom denies the remaining allegations of Paragraph 65 of the FAC.

66.     Paragraph 66 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the FAC.

67.     Paragraph 67 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 67 of the FAC.

68.     Paragraph 68 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the FAC.

69.     Paragraph 69 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of

Paragraph 69 of the FAC.

70.     Answering Paragraph 70 of the FAC, Capcom admits that has provided certain games in the United States in physical form or by electronic download.  Paragraph 70 of the FAC otherwise contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 70 of the FAC and therefore denies them.

71.     Paragraph 71 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 71 of the FAC.

72.     Paragraph 72 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 72 of the FAC.

73.     Answering Paragraph 73 of the FAC, Capcom denies infringement.  Paragraph 73 of the FAC otherwise contains legal conclusions and arguments to which no response is required. To the extent a response is required, Capcom currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the FAC.

74.     Paragraph 74 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 74 of the FAC.

75.     Paragraph 75 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 75 of the FAC.

76.     Paragraph 76 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 76 of the FAC.

77.     Paragraph 77 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 77 of the FAC.

**COUNT II**

**False Copyright Management Information and Removal of Copyright Management Information**

78.     In response to Paragraph 78 of the FAC, Capcom repeats and incorporates by reference its responses to Paragraphs 1 through 77 of the Answer above as if fully set forth herein.

79.     Paragraph 79 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 79 of the FAC.

80.     Paragraph 80 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations in Paragraph 80 of the FAC.

81.     Paragraph 81 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 81 of the FAC.

82.     Paragraph 82 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 82 of the FAC.

83.     Paragraph 83 of the FAC contains legal conclusions and arguments to which no

response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 83 of the FAC.

84.     Paragraph 84 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 84 of the FAC.

85.     Paragraph 85 of the FAC contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Capcom denies the allegations of Paragraph 85 of the FAC.

## PRAYER FOR RELIEF

Capcom denies that Plaintiff is entitled to any relief requested or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Capcom admits that the FAC requests a jury trial.  Pursuant to Federal Rule of Civil Procedure 38(b), Capcom also requests a jury trial on all issues so triable.

Capcom denies all other allegations in the FAC that have not been specifically admitted in Paragraphs 1-85 above.

## AFFIRMATIVE AND OTHER DEFENSES

Capcom identifies the following affirmative defenses and reserves the right to raise additional defenses as discovery proceeds.  Capcom does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden.  Capcom reserves any and all affirmative defenses it has under Title 17, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## DEFENSE NO. 1 (FAILURE TO STATE A CLAIM)

1.       Plaintiff has failed to state a claim upon which relief can be granted.

## DEFENSE NO. 2 (EXPRESS LICENSE)

2.       Plaintiff's claims are barred, in whole or in part, by express license, including but not limited to the express license granted by Plaintiff as set forth in the contents of her *Surfaces* book and CD-ROM.  For example, the *Surfaces* book tells readers that these photos are made available and "ready to be used in your designs, presentations, or comps, as backgrounds or for general visual information."  The book states that it comes with a CD-ROM offering "easy-to-use screen resolution TIFF files of every image!"  The book says it provides "[a]n index of subject matter and materials makes it easy to find just the image you need."  The CD-ROM contains formatted, "screen resolution TIFF files" of the photos in Surfaces and instructions for "manipulating the TIFF images in Photoshop or equivalent software."

## DEFENSE NO. 3 (IMPLIED LICENSE, CONSENT, ACQUIESCENCE, AND WAIVER)

3.       Plaintiff's claims are barred, in whole or in part, by the doctrines of implied license, consent, acquiescence, or waiver.  For example, the *Surfaces* book and CD-ROM include statements that the "easy-to-use screen resolution TIFF files" in the CD-ROM are "ready to be used in your designs, presentations, or comps, as backgrounds or for general visual information," and provide instructions for further "manipulating the TIFF images in Photoshop or equivalent software."  As another example, the Surfaces book and CD-ROM neither state nor suggest that any further license is needed to use the "screen resolution TIFF files" on the CD-ROM for any purpose or duration, and only suggest contacting the author if copies of higher resolution "[o]riginal images" are desired.  *See* FAC ¶ 31 ("the book became a very popular way for architects

and designers to obtain exclusive high quality examples of unique decorative surfaces … parties were required to contact Juracek to obtain high resolution digital files as the CD-ROM files were not high resolution"). The *Surfaces* book and CD-ROM indicate that no further payment was expected or due for uses of the "screen resolution TIFF files" in the CD-ROM, which is what Plaintiff claims as the basis for her copyright claims.

## DEFENSE NO. 4 (FAIR USE)

4.      Plaintiff's claims are barred, in whole or in part, because the alleged uses constitute fair use. For example, Capcom's games are highly transformative in character, being 3-D audiovisual video game works including hours of plotlines, characters, music, dialogue, persistent mood, and other elements that confirm their fundamentally different aesthetics and creative and communicative results that could not be more distinct from Plaintiff's still photographs. For another example, the subject matter of Plaintiff's copyrighted work does not contain protectible original expression, as her photos were taken "strictly for the purpose of identifying a surface," and to show underlying "materials in different settings." Many are studio photos "taken in a reasonably color-neutral lighting situation" to "offer a more objective view" of the material, rather than to contain or propagate any original expression of the Plaintiff. For another example, the amount and substantiality of the portion allegedly used in relation to the copyrighted work as a whole is minimal if any, as Plaintiff only alleges that Capcom used the same low, screen-resolution TIFF files that Plaintiff made available and licensed to every person who purchased (or borrowed from a library) a copy of her *Surfaces* book. For another example, the alleged use of screen-resolution TIFF files by Capcom had no effect upon the potential market for or value of Plaintiff's copyrighted work, as the target audience of Capcom video games has no overlap whatsoever with the target audience for Plaintiff's book, photographs, or related products.

17

**DEFENSE NO. 5 (MERGER)**

5.      Plaintiff's claims are barred, in whole or in part, under the doctrine of merger.  The merger doctrine bars a copyright of even original expression when there is essentially only one way to express an idea, such that the idea and its expression are inseparable.  Under this doctrine, a copyright cannot be maintained that permits the copyright owner to claim ownership over any image of a certain object, such as a particular panel or a particular piece of shattered safety glass, if allowing a copyright the image of such an object would allow a person essentially to own a copyright in the idea of photographing that object.  Instead, the copyright must be limited to expressive features unique to the author's work.

**DEFENSE NO. 6 (STATUTES OF LIMITATIONS)**

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, which requires a civil action over copyright claims be brought within three years after the claim accrues.  17 U.S.C. § 507(b).  Plaintiff concedes that Resident Evil: Director's Cut was first published in 1997, and Devil May Cry was first published in 2001, more than a decade and a half before she brought this action.  Claims relating to such games are barred by the statute of limitations.

**DEFENSE NO. 7 (FAILURE TO MITIGATE DAMAGES)**

7.      Plaintiff's failure to mitigate any alleged damages bars her claims or limits her recovery.

**DEFENSE NO. 8 (LIMITATION OF DAMAGES)**

8.      Plaintiff's claims for damages for the period before June 4, 2018 are barred by the Copyright Act, under which "a plaintiff's recovery is limited to damages incurred during the three

years prior to filing suit." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 52 (2d Cir. 2020).

## DEFENSE NO. 9 (NO EQUITABLE RELIEF)

9.     Plaintiff's claim for equitable relief is barred because Plaintiff has adequate remedies, if any, at law.  Indeed, Plaintiff's FAC alleges that she issues and tracks licenses for her photographs, indicating that a damages remedy is easily calculable in this matter.  *See* FAC ¶¶ 30, 31, 64.

## DEFENSE NO. 10 (LACHES AND ESTOPPEL)

10.     The equitable relief Plaintiff seeks is barred by the doctrines of laches and estoppel, including because Plaintiff has unreasonably delayed in bringing her claims, causing prejudice to Capcom given that certain of its accused games came out almost 25 years ago.  Plaintiff should be estopped from claiming that Capcom's alleged uses of low resolution TIFF images from the *Surfaces* CD-ROM are not privileged, given that Plaintiff alleges such use began in games that have been available to the public for almost 25 years, given that Plaintiff's *Surfaces* book and CD-ROM encouraged readers to make use of the low resolution TIFF images in the CD-ROM without any express restriction on their use, such that no reader of the book or CD-ROM would have any idea that Plaintiff believed use of those images was restricted, and given that any such reader who relied on the plain statements in Plaintiff's book and CD-ROM might thus be tricked into subjecting itself to a copyright infringement claim by Plaintiff.

## DEFENSE NO. 11 (LACK OF SUFFICIENT CREATIVITY)

11.     Plaintiff's claims are barred, in whole or in part, because the alleged work does not contain creativity sufficient to sustain a copyright claim.  For example, the subject matter of Plaintiff's copyrighted work does not contain protectible original expression because her

photographs are and were intended to be simple reproductions of works that she did not author and/or works that are not eligible for copyright protection. Plaintiff's photos were taken "strictly for the purpose of identifying a surface," and to show underlying "materials in different settings." Many are studio photos "taken in a reasonably color-neutral lighting situation" to "offer a more objective view" of the material, rather than to contain or propagate any original expression of the Plaintiff.

**DEFENDANTS CAPCOM CO., LTD**
**and CAPCOM USA, INC.**

 */s/ Ryan Tyz*
Ryan Tyz

Timothy A. Diemand (CT18075)
**WIGGIN AND DANA LLP**
20 Church Street
Hartford, CT 06103-3402
T: 860.297.3700
F: 860.297.3799
tdiemand@wiggin.com

Jennifer Kelly (phv20225)
Ryan Tyz (phv20221)
Erin Jones (phv20222)
Sean K. Apple (phv20211)
**TYZ LAW GROUP PC**
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
T: 415.868.6900
jennifer@tyzlaw.com
ryan@tyzlaw.com
ejones@tyzlaw.com
sapple@tyzlaw.com

*Attorney for Defendants*
*Capcom Co., Ltd. and Capcom USA, Inc.*

20